J-S35021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES NAUGHTON, | |
| Appellant | No. 1603 WDA 2016 |

Appeal from the PCRA Order entered September 22, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0007535-2007.

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 26, 2017**

Appellant, James Naughton, appeals *pro se* from the order entered September 22, 2016, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and extensive procedural history, as gleaned from our review of the certified record, are as follows:  On March 18, 2008, Appellant entered a negotiated guilty plea to multiple sexual offenses involving a minor.  That same day, in accordance with the plea agreement, the trial court imposed a sentence of five to ten years of incarceration. Appellant filed neither a post-sentence motion nor a direct appeal.

Appellant timely filed a first PCRA petition on September 11, 2008, but later withdrew it.  On January 5, 2012, Appellant filed a second PCRA petition.  The PCRA court appointed counsel, who later filed a petition to

_____
*Former Justice specially assigned to the Superior Court.

withdraw and "no-merit" letter pursuant to pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), opining that Appellant's latest PCRA petition was untimely and that Appellant was unable to establish any exception to the PCRA's time bar. Agreeing with this assessment, the PCRA court, after proper notice, dismissed this petition on April 19, 2012, and this Court dismissed the subsequent appeal for failure to file a brief. On October 7, 2014, Appellant filed a petition for writ of *habeas corpus*. The PCRA court correctly treated Appellant's filing as a third, untimely PCRA petition and, after proper notice, dismissed it without a hearing on March 10, 2015.

Appellant timely appealed to this Court. Although he acknowledged that this petition was facially untimely, he claimed that he qualified for an exception to the PCRA's time bar because the United States Supreme Court announced a new constitutional right in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In an unpublished memorandum filed on January 20, 2016, we rejected Appellant's claim and affirmed the denial of post-conviction relief. **See Commonwealth v. Naughton**, 136 A.3d 1035 (Pa. Super. 2016) (unpublished memorandum).

On February 19, 2016, Appellant filed another *habeas corpus* petition in which he again claimed that he was eligible for relief under **Alleyne**, given the United States Supreme Court's retroactivity analysis in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). The PCRA court disagreed, and, again after properly treating the filing as an untimely serial PCRA petition and

- 2 -

providing appropriate notice, dismissed the petition by order entered September 22, 2016. This timely appeal follows.

Before me may address the issues Appellant raises on appeal, *see* Appellant's Br. at 1-3, we must first determine whether the PCRA court correctly determined that Appellant's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S. § 9545. A PCRA petition

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

- 3 -

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).

Appellant did not appeal from his judgment of sentence imposed on March 18, 2008. Thus, for purposes of the time restrictions of the PCRA, Appellant's judgment of sentence became final on or about April 17, 2008, after the thirty-day period for requesting such relief expired. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant needed to file the PCRA petition at issue by April 17, 2009, in order for it to be timely. As Appellant filed the instant petition on February 19, 2016, it is untimely unless he has satisfied his burden of pleading and proving one of the enumerated exceptions. *See Hernandez*, *supra*.

Appellant has failed to prove an exception to the PCRA's time bar. Initially, we observe that Appellant has abandoned his claim that

*(Footnote Continued)* _____

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

*Montgomery* recognized the retroactive impact of *Alleyne*, as asserted in his petition. Rather, Appellant cites in support *Commonwealth v. Vasquez*, 744 A.2d 1284 (Pa. 2000), for the proposition that trial courts never relinquish their jurisdiction to correct illegal sentences. *See* Appellant's Br. at 7-9. Thus, according to Appellant, there is no time-bar to reviewing the trial court's application of the mandatory minimum imposed upon him pursuant to 42 Pa.C.S. § 9714, a statutory provision deemed unconstitutional by subsequent Pennsylvania case law applying *Alleyne*.

Appellant's argument is being raised for the first time on appeal. Thus, it is waived, and we need not consider it further. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); Pa.R.A.P. 302(a). Absent waiver, we note that Appellant's reliance upon *Vasquez* is misplaced. Although Appellant challenges the legality of his sentence, this claim still must be presented in a *timely* PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). This is because the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). In addition, we reiterate our prior memorandum's conclusion that our Supreme Court has unequivocally held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See generally*, *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).

Thus, for these reasons, the PCRA court correctly concluded that it lacked jurisdiction to address Appellant's serial PCRA petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2017